# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| VALOR TECHNICAL CLEANING, LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § | NO. |
| ANDREW VICK, TRUCARE BIOCLEAN LLC, COLTON VICK, GARRETT VICK, BRIAN HEGERT, | § § § § § | |
| Defendants. | § § | |

## DECLARATION OF RUSTY WATERS

I, Rusty Waters, declare and state as follows:

1.     I am the Vice President of Operations of Valor Technical Cleaning, LLC ("Valor" or the "Company"), over the age of 18, and a resident of Colorado. I have personal knowledge of the following facts and could testify competently to them if called to do so. The facts set forth herein are personally known to me and, unless otherwise noted, are based on my own firsthand knowledge and/or observation. I make this Declaration in support of Valor's Complaint.

**Vice President of Operations Role**

2.     I joined Valor in October 2024 and have held numerous roles at Valor, including Market Development Representative, Regional Sales Manager, Director of Training, and Vice President of Operations. I assumed the Vice President of Operations Role on December 2025.

3.     As the Vice President of Operations, I am responsible for helping lead the Valor's day-to-day business operations to ensure efficiency, profitability, and high-quality service delivery.

4.     As part of my role, I oversee all of the Directors of Operations for Valor, including former Directors of Operations Andrew "Drew" Vick ("Vick") and Brian Hegert ("Hegert").

5.    I worked with Vick until his termination on January 5, 2026.  I terminated Vick on January 5, 2026, and the termination was made effective January 6, 2026.  I have not spoken with Vick since his termination.

6.    I worked with Hegert until his voluntary resignation from Valor on February 13, 2026.

**The Bandera Job Incident**

7.    On February 13, 2026, Valor Regional Sales Manager Chris Crandell ("Crandell") contacted me regarding the situation with a Valor customer (the "Referral Source") with a job in Bandera, Texas (the "Bandera Job").  The Referral Source is a known and trusted referral source, but this time, she called regarding the death of a family member, for which the Referral Source needed Valor's biohazard remediation and cleanup services.

8.    On February 13, 2026, after my discussion with Crandell, I spoke with Hegert, Crandell's Director of Operations, in Valor's Centennial, Colorado office.  At the time, Hegert worked in Valor's Centennial, Colorado office, where I work.

9.    I asked Hegert, who had dispatched a Valor representative to the Bandera Job, what had happened.  Hegert shared that he had dispatched a Valor technician named Antwone Ortiz ("Ortiz"), who lives nearby in San Antonio, Texas, to serve as the technician for the Bandera Job.  I understand that the Bandera Job was approximately an hour from Ortiz's home.

10.    After my initial conversation with Hegert, Hegert followed up again with me about the Bandera Job, and shared that Ortiz had been called off the Bandera Job.  Hegert seemed confused by this development, in light of the Referral Source's working relationship with Valor and past use of our services.  Hegert was not sure why the Referral Source had cancelled and would need to investigate further.

11.    I listened to Hegert, and found this situation suspicious.

### Hegert's Changing Story & Resignation

12.    About an hour after speaking with Hegert, Hegert found me again in Valor's Centennial, Colorado office to discuss the Bandera Job, and reported what he had learned. He shared that a woman called Valor, claiming to be connected to the Referral Source, and told Valor that its services were no longer needed. I was immediately concerned by this development.

13.    Hegert also shared that he had personally spoken with the Referral Source, who was unaware of anyone calling on her behalf to reschedule or cancel Valor's services, and that the Referral Source believed that Valor was actively handling the cleanup at her property when they spoke.

14.    After Hegert provided this additional information, I was further suspicious about the alleged "call" from a woman canceling Valor's services and the fact that the Referral Source thought that Valor was at her property, when Ortiz, the dispatched Valor technician, was not there. I was unsure whether Hegert was telling the truth about this situation.

15.    Shortly after this, I received a screenshot of the contract that the Referral Source had signed with TruCare BioClean LLC ("TruCare"). Before this time, I had never heard of TruCare before in our industry.

16.    At the bottom of the contract, I noticed that the representative who signed on behalf of TruCare was a "Drew Vick." I was familiar with Andrew "Drew" Vick who was previously employed by Valor as a Director of Field Operations. My concerns about this situation intensified. There was no independent way for Vick or his TruCare company to know about the Bandera Job unless they had prior knowledge that Valor had been dispatched. I was concerned that Vick was trying to pose as a Valor technician or representative to poach Valor's clients under this new "TruCare" company name.

17. I learned that Ortiz attempted to call the phone number that the "woman" connected with the Referral Source had called from, but Ortiz's number had been blocked. When Ortiz used another phone to call the "woman", the "woman" answered, but hung up upon realizing who was trying to contact her.

18. I quickly pulled Hegert in for another discussion in Valor's office in Centennial, Colorado, where I showed Hegert a copy of the signed TruCare agreement with Vick's signature. Almost immediately after he saw Vick's signature on the agreement, Hegert broke down crying.

19. Hegert then announced that it was his last day at Valor, and that he intended to resign from Valor effective immediately. This was not entirely surprising, as I knew that Hegert had been looking for other job opportunities, but I expected him to give notice before resigning.

## Hegert's Admissions

20. Hegert, who was incredibly emotional, shared that he could not believe that he had gotten himself into this type of situation and that he could no longer perform his job duties at Valor. He admitted struggles in his personal life and spoke extensively about trust issues. He admitted that Vick likely had access to his Valor accounts, and even acknowledged that he had continued talking with Vick after he was terminated at Valor. Hegert was emotional, and explained that he felt deeply betrayed by Vick's actions, which I understood to mean that he felt taken advantage by Vick and that Hegert knew that Vick had access to Valor's systems.

21. Hegert also warned me that Valor should lock down all of its IT and database systems because of Vick's access to Valor's systems, which I understood to mean because Vick had Hegert's login credentials.

22.     After this discussion with Hegert, Hegert cleaned out his workspace and announced to other employees that he was leaving Valor.  Hegert apologized to other employees, stating that he had never quit anything in his life.

23.     Before he departed Valor's office, Hegert also reset and wiped the data from his Valor-issued iPhone and tried to reset and wipe data from his Valor-issued laptop.  I am not aware of anyone at Valor instructing him to do this; Hegert reset and wiped his devices without instruction from Valor.

24.     Approximately thirty minutes after leaving the Valor office, Hegert called me to ask if he could have the weekend to think about his decision to resign.  I informed Hegert that his resignation had already been accepted and could not be undone, given his statements and actions.  Hegert remained in the parking lot for approximately an hour and a half after his resignation, sitting on the curb, crying.  He eventually left the Valor premises.

25.     Since his voluntary resignation on February 13, 2026, I have not spoken to Hegert.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in *CENTENNIAL*, Colorado, on March *4th*, 2026.

_____

Rusty Waters