UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VALOR TECHNICAL CLEANING, LLC,<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No:   5:26-cv-1473-OLG |
| ANDREW VICK, TRUCARE BIOCLEAN LLC,<br>COLTON VICK, GARRETT VICK, AND BRIAN<br>HEGERT,<br>*Defendants.* | §<br>§<br>§<br>§<br>§ | |

## AGREED TEMPORARY RESTRAINING ORDER

The Court has considered Plaintiff's Motion for Temporary Restraining Order (Dkt. 4). Pursuant to the Court's Order of March 12, 2026 (Dkt. 7), this Agreed Temporary Restraining Order is being entered in lieu of briefing on Plaintiff's Motion and Application for Temporary Restraining Order to Show Cause, and Order Granting Expedited Discovery as ordered by the same Court Order. For purposes of temporary relief only, and without making any findings regarding the ultimate merits of Plaintiff's allegations and claims or Defendants' available defenses, the Court enters the Parties' Agreed Order, which shall remain in place until the Court's resolution of the merits of this dispute. For purposes of this Order, "resolution of the merits" means after a trial on the merits has concluded or after the Court grants Defendants' motion for summary judgment on the merits in full, if the Court grants such a motion. The Court finds that limited preliminary relief directed toward protecting confidential information is appropriate pending resolution of the parties' dispute on the merits.

Accordingly, **IT IS ORDERED**:

1.      **No violation of Confidentiality Agreements.** Defendants Andrew Vick and Brian Hegert are enjoined from violating any terms of their Confidentiality Agreements with Valor.

Defendant TruCare, and anyone acting in concert with it, is restrained from interfering with Andrew Vick and Brian Hegert's Confidentiality Agreements with Valor.

2. **Return of Valor property.** Defendants Andrew Vick, TruCare BioClean LLC, Colton Vick, Garrett Vick, and Brian Hegert, and any persons acting in concert with them, shall return of all Valor property prior to or at the time of separation, return to Valor (1) all Valor-issued devices that are in the possession of Defendants (including any TruCare employees); (2) all copies of any documents in Defendants' (including any TruCare employees) possession that were downloaded from Valor networks, systems, databases, or devices; and (3) all copies of any documents that contain information derived from documents originating from Valor networks, systems, databases, or devices.

3. **No access to Valor systems.** Defendants Andrew Vick, TruCare BioClean LLC, Colton Vick, Garrett Vick, and Brian Hegert, and any persons acting in concert with them, are enjoined from accessing or attempting to access Plaintiff Valor Technical Cleaning LLC's Salesforce platform or any other computer systems or databases owned or controlled by Plaintiff.

4. **Protection of confidential information.** Defendants shall not use or disclose any confidential or trade secret information belonging to Plaintiff.

5. **No adjudication of employment restrictions.** Nothing in this Order shall be construed as:

    a.    enforcing any noncompetition covenant;

    b.    abandoning Plaintiff's ability to seek enforcement of any restrictive covenant agreements through a motion for preliminary or permanent injunction following appropriate discovery;

     c.     restricting TruCare BioClean LLC from operating its business, provided that Defendants comply with the provisions of this Order regarding confidential information and access to Valor systems.

6.     **Preservation of evidence.** The Parties shall preserve documents and electronically stored information relevant to the claims and defenses in this action.

7.     **Status quo.** This Order is intended solely to preserve the status quo and prevent disclosure of confidential information pending a final trial on the merits.

8.     **Duration.** This Agreed Order shall remain in effect until a trial on the merits has concluded or after the Court grants Defendants' motion for summary judgment on the merits in full, if the Court grants such a motion, or until jointly requested by the Parties to be withdrawn.

9.     **Bond.** Plaintiff shall post a bond in the amount of $1,000[1] pursuant to Federal Rule of Civil Procedure 65(c).

**SIGNED** on March _____, 2026.

ORLANDO L. GARCIA
United States District Judge

---

[1] The parties' sole dispute is whether Plaintiff should be required to post a bond. (*See* Dkt. No. 15; Dkt. No. 16.) Rule 65 generally requires that "the movant give[] security" as a prerequisite for injunctive relief, and Court declines to exercise its discretion to waive the bond requirement in this case. *See* FED. R. CIV. P. 65(c). In requesting a TRO, Plaintiff stated that if the Court were "inclined to require a bond, [Plaintiff] requests that the amount not exceed $1,000.00." (Dkt. No. 4 at 18.) Defendants, in turn, have not provided a proposed amount (*see* Dkt. No. 15; Dkt. No. 16 at 1 n.1), so the Court accepts Plaintiff's proposed maximum bond amount.